UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE CALDERON JAIMES,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06400-DAD-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 7)

Petitioner Jose Calderon Jaimes is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 1, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 7.) Specifically, the magistrate judge concluded that petitioner's re-detention without a bond hearing violated due process and also recommended that petitioner be provided certain procedural protections before any re-detention of petitioner. (*Id.* at 3–9.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within three (3) days of service. (*Id.* at 10.)

On September 4, 2026, respondent filed objections to the findings and recommendations. (Doc. No. 8.) Therein, respondent objects for the reasons stated in his prior briefing (*id.* at 1),

which do not provide a basis upon which to reject the findings and recommendations. Respondent also objects to the magistrate judge's recommendations that the government must provide petitioner with pre-deprivation process before re-detaining him because granting any relief other than release in habeas proceedings is improper. (*Id.*)

The federal habeas statute expressly provides that "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C.A. § 2243. In granting habeas petitions, other courts have concluded "that it is appropriate to require pre-deprivation notice and a constitutionally adequate pre-deprivation hearing[.]" *Banegas Carcamo v. Marin*, No. 26-cv-08685-FMO-DSR, 2026 WL 2455917, at *1 (C.D. Cal. Aug. 21, 2026) (citing cases); *see also Mosqueda Lara v. Venturella*, No. 5:26-cv-04781-DSR, 2026 WL 2656613, at *6 (C.D. Cal. Sept. 9, 2026) ("Habeas relief is not limited to 'discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted.'") (quoting *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968)). Accordingly, the court rejects respondent's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons explained above,

1. The court ADOPTS the findings and recommendations issued on September 1, 2026;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jose Calderon Jaimes, A-File No. 205-354-745, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention on or about February 14, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless he provides petitioner with notice and a pre-detention hearing before

an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE